UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALAN T. GALLAGHER, | ) | CIV-F 05-0750 AWI SMS |
| Plaintiff, | ) ) | ORDER RE: MOTION TO STRIKE AFFIRMATIVE DEFENSES, MOTION |
| v. | ) ) | FOR A MORE DEFINITE STATEMENT, AND MOTION FOR DEFENDANT'S |
| GORDON R. ENGLAND, SECRETARY DEPARTMENT OF THE NAVY, | ) ) ) ) | ANSWER(S) TO BE RULED AN ADMISSION |
| Defendant, | ) ) | |

**I. History**

On June 10, 2005, Plaintiff Alan Gallagher filed a complaint alleging employment discrimination and violation of a settlement agreement against Defendant Gordon England, Secretary of the Navy. Doc. 1.  Defendant filed an answer on August 19, 2005. Doc. 12.  In the answer, Defendant firmly admitted some of Plaintiff's allegations, firmly denied some allegations, and denied others on the basis that Defendant did not have sufficient knowledge to firmly respond.  On September 7, 2005, Plaintiff filed the present motions (1) to strike affirmative defenses, (2) for a more definite statement, and (3) for Defendant's answers claiming lack of knowledge to be ruled admissions.  Doc. 14.  Defendant filed an opposition on September 27, 2005. Doc. 18.  Plaintiff filed a reply on November 8, 2005. Doc. 24.  Separately, Defendant filed a motion to dismiss for lack of subject matter jurisdiction on September 20, 2005. Doc. 16.  Defendant withdrew the motion on November 7, 2005. Doc. 23.  Plaintiff's motions were taken

1

under submission by order on November 10, 2005. Doc. 25.

## II. Legal Standards

### A. Motion to Strike Affirmative Defense

Motions to strike material from an answer are for the purpose of eliminating "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  When dealing with an insufficient defense, courts are "slow to grant motions to dismiss affirmative defenses. A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." Purex Corp. v. General Foods Corp., 318 F. Supp. 322, 323 (C.D. Cal. 1970).  "The presence of a substantial or seriously disputed question of law will preclude a district court from granting a motion to strike." Mohegan Tribe v. Connecticut, 528 F. Supp. 1359, 1362 (D. Conn. 1982).  Nevertheless, a motion to strike "is appropriately granted where the defense is clearly legally insufficient, as, for example, when there is clearly no bona fide issue of fact or law." United States v. 729.773 Acres of Land, 531 F. Supp. 967, 971 (D. Haw. 1982), citations omitted.  A motion to strike under Rule 12(f) is committed to the discretion of the court. See Federal Sav. & Loan Ins. Corp. v. Gemini Management, 921 F.2d 241, 244 (9th Cir. 1990).

### B. Motion for More Definite Statement

"Under the liberal pleading standards, 'pleadings in federal courts are only required to fairly notify the opposing party of the nature of the claim.'" City of South Pasadena v. Slater, 56 F. Supp. 2d 1095, 1105 (C.D. Cal. 1999), quoting A.G. Edwards & Sons, Inc. v. Smith, 736 F. Supp. 1030, 1032 (D. Ariz. 1989).  Federal Rule of Civil Procedure 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.  If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

However, a Rule 12(e) motion for a more definite statement must be considered in light of Rule

8's liberal pleading standards in federal court. See, e.g., Bureerong v. Uvawas, 922 F. Supp 1450, 1461 (C.D. Cal. 1996), citing Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994) ("Motions for a more definite statement are viewed with disfavor and are rarely granted because of the minimal pleading requirements of the Federal Rules.").

### III. Discussion

**A. Motion to Strike**

Plaintiff has made a motion to strike all seventeen of Defendant's affirmative defenses. Doc. 14, at 10:1-22:19.  As Defendant has alluded, "To strike an affirmative defense, the moving party must convince the court that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed. The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." SEC v. Sands, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995), quotations omitted.  Motions to strike are for the purpose of excluding redundant, immaterial, impertinent, or scandalous material, not for dealing with substantive legal issues.  "A defendant should be given the opportunity to prove his allegations if there is any possibility that the defense might succeed after full hearing on the merits." Purex Corp. v. General Foods Corp., 318 F. Supp. 322, 323 (C.D. Cal. 1970).

Defendant, in the answer, has stated each of his affirmative defenses with sufficient clarity to give Plaintiff notice of the substance of the defenses. See Doc. 12.  Defendant interprets Plaintiff's motion to allege that the affirmative defenses are legally insufficient on their face. Doc. 22, at 10:16-19.  Plaintiff argues overall that Defendant's affirmative defenses contain insufficient detail on their face to definitively demonstrate their applicability.  For example, Plaintiff says the first affirmative defense (failure to state a claim) should be stricken because "Although this may be a legal reason to try to dismiss a Complaint, Defendant does not detail why the Complaint is deficient." Doc. 14, at 10:15-16.  Yet, Plaintiff recognizes his burden is to prove "that the facts are clear, that any questions of law are equally clear and undisputed, and that under no set of circumstances could the defense succeed." Doc. 14, at 11:28-12:1.  That is, the

affirmative defenses need not contain all the facts in order to avoid being stricken.

As Defendant noted, the Plaintiff's claims are not altogether certain. Doc. 12, at 6:11-13. Due to the uncertainty, we do not yet have a clear picture as to which facts and legal claims will prove relevant to this suit.  In addition to employment discrimination, Plaintiff's suit appears to be founded on breach of contract and/or settlement agreement. Doc. 1, at 1:14-17.  All of the affirmative defenses Defendant has raised survive the motion under these circumstances. Plaintiff has not shown that any of the defenses would be legally impossible to apply at this early stage.

**B. Motion for More Definite Statement**

Plaintiff has made a motion for more definite statement of Defendant's answer. Defendant opposes the motion, arguing that (1) a motion for more definite statement is not permitted in response to an answer and (2) the information Plaintiff seeks is more properly addressed through discovery. Doc. 22, at 11:10-23.  In reply, Plaintiff does not address Defendant's specific arguments. See Doc. 24, at20:23-21:6.

Federal Rules of Civil Procedure 12(e) states "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."  The reference to responsive pleading is clear.  This language may be contrasted with Rule 12(f) which says "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party..." Fed. R. Civ. P. 12(f).  While a motion to strike may be made with reference to any pleading, a motion for more definite statement may not.  "[W]here a responsive pleading is not required or permitted, a motion under Rule 12(e) for a more definite statement is inappropriate." Armstrong v. Snyder, 103 F.R.D. 96, 100 (E.D. Wis. 1984) (denying motion for more definite statement of an answer).  "Thus, a plaintiff cannot file a Rule 12(e) motion for more definite statement of defensive matters alleged in the answer ... because no responsive pleading is permitted to an answer consisting only of defenses and denials. On the other hand, if the answer

contains counterclaims, plaintiff is permitted to respond and therefore could file a motion for more definite statement under Rule 12(e)." Federal Civil Procedures Before Trial ¶9:361 (Rutter Group, 5th Cir. ed. 2005). Defendant's answer does not require a responsive pleading (there are no counterclaims), nor is Plaintiff permitted to file one. Therefore, Plaintiff's motion is denied.

**C. Motion for Answer to be Ruled an Admission**

Plaintiff seeks to have parts of Defendant's answer (numbered paragraphs 3, 4, 9, 11, 13, 14, part of 20, 21, and 31) ruled to be admissions on the basis that "Defendant has not answered the averments truthfully by denying [sic] lack of knowledge of the allegations or statements made in the Complaint." Doc. 14, at 4:22-23. Plaintiff claims that under the requirements of Federal Rules of Civil Procedure 8(b) and 11(b), Defendant cannot claim lack of knowledge "if the defendant has reasonable access to the information or if it is a matter of public record." Doc. 14, at 4:27-28. Federal Rule of Civil Procedure 11(b) states that in making representations to the court, "an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances...the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief."

In support, Plaintiff cites to <u>Greenbaum v. United States</u>, 360 F. Supp. 784 (E.D. Pa. 1973). In that opinion, the court stated

> failure to make reasonable investigation of even Government files in the preparation of this case prevented defendant from actually responding to plaintiff's allegation that he was a business invitee. In answer to that averment in plaintiff's original and amended complaints defendant stated that it lacked sufficient knowledge or information to admit or deny.....In the present case defendant failed to examine available, highly relevant Government documents which would have given a basis for the belief that plaintiff was not a business invitee....Defendant in this action failed to undertake even a minimal investigation and should be held to admit facts about which it had information."

<u>Greenbaum v. United States</u>, 360 F. Supp. 784, 787-88 (E.D. Pa. 1973). However, that case was one in which the defendant failed to clarify its position until nearly four years into the case, making a motion to dismiss on the first day of trial; the court was not dealing with a motion to have an answer of lack of knowledge deemed an admission at the outset of a case. <u>Id.</u> at 785. The court noted that though "defendant never actually admitted the significant fact, it clearly

acted throughout in a manner which indicated that it did not contest it. At every stage of the proceedings plaintiff asserted his contention that he was a business invitee at the time of the accident without objection of any sort from the Government." Id. at 788.  In Greenbaum, the government defendant initially claimed to have no knowledge with reference to plaintiff's assertion, acquiesced to that assertion as the case went forward for four years, and then sought to actively deny that assertion in a motion initiated during the trial.  These extreme circumstances distinguish Greenbaum from this case.

In another case, a prisoner sued prison officials for civil rights violations under 42 U.S.C. §1983.  A bench trial was held, and certain letters appended to the complaint were presented as evidence supporting damages for mental anguish.  In the opinion, the judge said, "The letters, exhibits to the plaintiff's pro se complaint, were properly before the court for consideration....[Defendants] answered the complaint by alleging that they 'den[ied] or lack[ed] knowledge sufficient to form an opinion as to the truth of each and every allegation contained in the complaint,' except that they admitted they were employed by the New York State Department of Correctional Services....the defendants failed to undertake even a minimal examination of their files to determine whether the letters were authentic. All the letters indicate that copies were placed in the plaintiff's file. Under these circumstances, the existence and contents of the letters are deemed admitted by the defendants." Soto v. Lord, 693 F. Supp. 8, 23 n.28 (S.D.N.Y. 1988).

The Ninth Circuit has similarly dealt with this issue in the context of reviewing a National Labor Relation Board administrative hearing which applies rules parallel to the Federal Rules of Civil Procedure standards.  "In its answer to the Board's complaint, General's response to these allegations was that 'Respondent General...does not have knowledge or information sufficient to form a belief as to the truth or falsity' of the allegation 'and therefore on information and belief denies each and every such allegation.' General persisted in this position at the hearing. Counsel for General asserted that he had no knowledge regarding the facts alleged by the Board, and that under the Board's rules this constituted a denial of the allegations and put the Board to its proof. When asked by the trial examiner whether he contended that the facts were other than as alleged, he responded that he was not required to make a contention one way or the

other. The trial examiner ruled to the contrary, and advised counsel that his failure to respond would be taken as a concession." <u>Harvey Aluminum v. NLRB</u>, 335 F.2d 749, 757 (9th Cir. 1964). Again, a court construed a claimed lack of knowledge in an initial answer as an admission after that party persisted in disclaiming knowledge through adjudication.

Construing part of the answer as an admission would be a serious sanction that is not warranted at this early point.

### IV. Conclusion

Plaintiff's motion to strike is DENIED.

Plaintiff's motion for more definite statement is DENIED.

Plaintiff's motion for Defendant's answer to be ruled an admission is DENIED.

IT IS SO ORDERED.

**Dated:   December 5, 2005**                             **/s/ Anthony W. Ishii**
0m8i78                                                              UNITED STATES DISTRICT JUDGE