UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALAN T. GALLAGHER,                         1:05-cv-00750-AWI-SMS

        Plaintiff,                **INFORMATIONAL ORDER re: PLAINTIFF'S REQUEST FOR CLARIFICATION RE: SCHEDULING CONFERENCE [ORDER]** (Doc. 30)

vs.

GORDON R. ENGLAND, SECRETARY, DEPARTMENT OF THE NAVY,

        Defendant.
_____/

    The Court hereby responds to plaintiff's concerns as set forth in his Request for Clarification, filed February 3, 2006:

    A.  '.....[I]t is plaintiff's understanding that his request that the scope of discovery was to be limited only to the breach of contract allegations and this request was granted.  It is plaintiff's understanding that the plaintiff's request for a denial of discovery on the underlying complaint regarding the Title VII allegations was granted due to the fact that discovery had already been conducted on these claims."

        Further, "It is plaintiff's understanding that the only exception imposed regarding this matter, was if the defendant was

1

1 unable to retain a copy of any of the prior discovery items in
2 the plaintiff's possession, and then the plaintiff would assist
3 defendant counsel and provided [sic] him with a copy."
4      Discovery may be conducted as to all contested facts
5 and legal issues as set forth in the Scheduling Conference Order,
6 filed January 31, 2006 (Doc. 29).  The fact that plaintiff and
7 counsel for defendant agree that  "[A]ll other facts" are
8 contested, other than the three (3) as set forth on page -4-.
9 Lines 21-26 is problematic for the Court.  What, indeed, are the
10 contested facts?  If, as argued by the defendant on page -10- of
11 the Joint Scheduling Report, filed January 19, 2006 (Doc. 27),
12 the ".....plaintiff intends to pursue Title VII claims in this
13 District Court case" this Court agrees that discovery is
14 appropriate.  For example, if plaintiff's focus/goal is to set
15 aside the settlement agreement because an impasse is reached
16 regarding the agreement(s) reached, the case is not resolved and
17 it is probable that the entirety of the Title VII claims are at
18 issue.  If, too, the dispute focuses on the value of plaintiff's
19 underlying Title VII case, thought to be settled, then discovery
20 would be allowed as to any damages claimed.
21      Again, the Court has no way of knowing what the parties
22 believe all those other facts are that remain disputed.  With
23 regard to legal issues, all those set forth in the Scheduling
24 Conference Order on page -5-, lines 3-24 are contested and are
25 subject to discovery in <u>this</u> action.
26      Regarding plaintiff's argument that prior discovery
27 from the administrative action is to be used in the place of
28 conducting any further discovery in this action, this Court did

not so direct.  Having no knowledge what discovery was conducted in the administrative matter, the Court is at a loss to agree or disagree.  Rather, if and when defendant serves discovery requests, plaintiff should meet and confer with counsel for defendant to attempt to reach an agreement regarding the sufficiency of previously conducted discovery.  The Court will assist in reaching a conclusion, but only after a meet and confer has been conducted in good faith.  A cautionary point:  Discovery under the Federal Rules of Civil Procedure may well be different and/or more broad or thorough than that allowed for in an administrative process.  It remains to be seen whether any requested discovery by defendant is duplicative or not.  Certainly, in an effort to conserve resources, it would make little sense to recreate the same discovery already conducted on identical issues.  But, again, the parties need to meet and confer in this regard.

   The Court did not, though, limit discovery to contractual issues.  In fact, this Court is not at all sure that contractual issues are the sole factual and legal issues in this lawsuit, if at all at issue here.  There is a separate body of legal opinions regarding the enforceability of settlement agreements; and, it remains to be seen whether a settlement agreement reached in a venue other than this court satisfies all the requirements to be enforced within the confines of this lawsuit.

 B.   "...there were several items that had been ruled upon during the administrative hearing by the judge that concerned evidentiary items.  Plaintiff had requested that those

3

1  evidentiary rulings would stand as outlined [sic] the joint
2  scheduling report."
3         Administrative law judges' rulings in administrative
4  hearings are not binding on this court.  However, to the extent
5  any given issue has been fully briefed and considered, and if the
6  identical issue is presented to this Court, due respect will be
7  paid to the work performed by the administrative law judge in
8  reaching this Court's decision.  During the scheduling conference
9  held in this matter of January 31, 2006, which was not held on
10 the record and typically is not in this court, this Court did not
11 rule on plaintiff's request that all administrative law
12 evidentiary rulings "stand" and does not now so rule.

15 IT IS SO ORDERED.

16 **Dated:   February 12, 2006**              /s/ Sandra M. Snyder
   icido3                                  UNITED STATES MAGISTRATE JUDGE