UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ALAN T. GALLAGHER, | ) | CIV-F 05-0750 AWI SMS |
| | ) | |
| Plaintiff, | ) | ORDER RE: MOTION FOR |
| | ) | RECONSIDERATION; MOTION FOR |
| v. | ) | SANCTIONS PURSUANT TO 28 U.S.C. |
| | ) | §1927; AND MOTION TO PARTIALLY |
| GORDON R. ENGLAND, | ) | WITHDRAW PLAINTIFF'S TITLE VII |
| SECRETARY DEPARTMENT OF | ) | BREACH CLAIM |
| THE NAVY, | ) | |
| | ) | (Docs. 44 and 59) |
| Defendant, | ) | |

   Plaintiff has three motions pending: a motion to reconsider a magistrate judge's denial of sanctions; a motion for sanctions under 28 U.S.C. §1927; and a motion to withdraw certain of his claims. Docs. 44 and 59. Defendant opposes the motions concerning sanctions but does not oppose the motion to withdraw claims. Docs. 45 and 60. These matters were taken under submission without oral argument.

**I. History**

   Alan Gallagher ("Plaintiff") has been an employee of the Department of the Navy ("Defendant") at the China Lake and Point Mugu facilities since 1985. Plaintiff previously filed complaints against Defendant in 2000-2002 with the Equal Employment Opportunity Commission alleging religious discrimination, disability discrimination, and retaliation. The complaints were handled through an EEOC administrative process. Plaintiff's wife, Tracey

1

Gallagher, represented him in the EEOC proceedings which do not require a representative to be a licensed attorney.  The parties came to a settlement on May 23, 2004 whereby Defendant agreed to pay Plaintiff $65,000. Doc. 53, Ex. B.  Defendant paid Plaintiff the sum but also included a tax form (1099-MISC) which reported the payment as some form of income.  Plaintiff argues the payment is not taxable income, but rather recompense for medical expenses.  Plaintiff returned to the EEOC, alleging that Defendant breached the settlement agreement.  On April 25, 2005, the EEOC issued a final determination that Defendant did not breach the agreement. Doc. 53, Ex. F.

  Thereafter, Plaintiff filed suit in this court in 2005.  Plaintiff filed a first amended complaint on March 4, 2007; it is the operative complaint. Doc. 53.  Plaintiff alleges Defendant breached the settlement agreement and violated the Freedom of Information Act by withholding records from him.  He seeks $30,000, attorneys fees, an injunction directing Defendant to provide the requested records, and invalidation of part of the settlement agreement as against public policy, or, in the alternative, setting aside the whole settlement agreement and allowing him to proceed with the original discrimination and retaliation claims under Title VII.  Meanwhile, Mrs. Gallagher passed the bar exam and was sworn into the California bar in December 2006.  She filed a notice with the court that she was representing Plaintiff in this case on February 4, 2007. Doc. 46.

  Plaintiff and Defendant, as well as their respective counsels, Mrs. Gallagher and Mr. Enos, have been trading allegations of bad conduct throughout this case.  Plaintiff made a motion to sanction Defendant and Mr. Enos. Doc. 37.  Magistrate Judge Snyder orally denied the motion at a hearing on August 11, 2006. Doc. 43.  Plaintiff has asked the court to reconsider that decision. Doc. 44.  On April 28, 2007, Plaintiff made a separate motion to sanction Mr. Enos pursuant to 28 U.S.C. §1927 and to withdraw its Title VII claims. Doc. 58.

## II. Legal Standards

**A. Reconsideration of Magistrate Judge's Decision**

  A magistrate judge may resolve and issue orders on non-dispositive matters. 28 U.S.C.

636(b)(1)(A); Fed. R. Civ. Pro. 72(a).  A district court may review a non-dispositive order by the magistrate judge, but the magistrate judge's order may only be set aside if it is "found to be clearly erroneous or contrary to law." Fed. R. Civ. Proc. 72(a).  [T]hey are not subject to de novo determination [and] The reviewing court may not simply substitute its judgment for that of the deciding court." Grimes v. San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).  Rather, the district court must affirm the magistrate judge's order unless the district court is left with the "definite and firm conviction that a mistake has been committed." Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992).

**B. Sanctions Under 28 U.S.C. §1927**

Title 28 U.S.C. §1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 "applies only to unnecessary filings and tactics once a lawsuit has begun." In re Keegan Management Co. Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1995).  Sanctions awarded pursuant to § 1927 must be based upon a finding of subjective bad faith, i.e., that the attorney knowingly or recklessly advanced a frivolous position, or a meritorious position for the purpose of harassing an adversary. See Salstrom v. Citicorp Credit Serv., Inc., 74 F.3d 183 (9th Cir. 1996); MGIC Indemnity v. Moore, 952 F.2d 1120 (9th Cir. 1991).  "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1528 (9th Cir. 1990), citing Cunningham v. County of Los Angeles, 879 F.2d 481, 490 (9th Cir. 1988).  A finding of frivolous by itself is insufficient to support an award under Section 1927. Estate of Blas v. Winkler, 792 F.2d 858, 861 (9th Cir.1986).  Fees under Section 1927 have been reversed where district court's characterization of the attorney's conduct was consistent with negligence. MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1121-22 (9th Cir.1991).  "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while

if it is not frivolous, it must be intended to harass.  Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more may not be sanctioned." In re Keegan Management Co. Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1995).

Section 1927 "only authorizes the taxing of excess costs arising from an attorney's unreasonable and vexatious conduct; it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct. Similarly, cases that have considered the district court's inherent power to sanction attorneys for litigating in bad faith have related such sanctions to the amount of fees incurred by the opposing party, and have not based sanctions on increased costs experienced by the court." United States v. Blodgett, 709 F.2d 608, 610-11 (9th Cir. 1983), citations omitted.

### III. Discussion

**A. Motion to Withdraw Plaintiff's Title VII Breach Claim**

Plaintiff seeks to have his Title VII claim dismissed without prejudice.  Defendants have stated, "The Navy does not oppose plaintiff's request to dismiss the non-FOIA claims in his amended complaint." Doc. 60, Opposition, at 8:24-26.  The court interprets the motion as withdrawal of the requests in paragraphs 11 and 12 under "Prayer For Relief." Doc. 53, Amended Complaint, at 13:1-12.  That is, Plaintiff no longer seeks in the alternative to set aside the settlement agreement and proceed on the merits of his discrimination and retaliation claims.  As the parties appear to be in accord, Plaintiff's motion is granted.

Plaintiff is reminded that permission to amend a complaint is not granted automatically but is subject to the discretion of the court.  In determining whether amendment should be permitted, the following factors are considered: (1) whether the movant unduly delayed seeking leave to amend, or acted in bad faith or with dilatory motive; (2) whether the party opposing amendment would be unduly prejudiced by the amendment; (3) whether there have been repeated failures to cure; and (4) whether amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).  Given the amount of time that has passed since this case has been initiated, further

amendment will only be allowed if Plaintiff can present a compelling rationale justifying the delay.

**B. Motion For Reconsideration**

In July 2006, Plaintiff made a motion for sanctions against Defendant and Mr. Enos. Judge Snyder denied the motion orally at a hearing on August 11, 2006. In his initial motion, "Plaintiff asks this court for sanctions against the defendant for not acting in good faith regarding settlement discussions. Plaintiff requests that the court have counsel <u>cease</u> from unethical and unfair litigation practices by taking advantage of a pro se plaintiff's willingness to act in good faith. In addition, plaintiff requests that counsel and the Navy <u>refrain</u> from contacting and/or harassing plaintiff's wife as she is not a party in this suit. If and when plaintiff retains counsel the court and the defendant will be notified as required." Doc. 37, First Sanctions Brief, at 8:7-12. In reconsideration, Plaintiff explained that he sought:

> 1. Sanctions against *the defendant* for not acting in good faith regarding settlement discussions.
> 2. Plaintiff requested that the court have counsel cease from unethical and unfair litigation practices by taking advantage of a pro se plaintiff's willingness to act in good faith.
> 3. <u>Plaintiff had requested that counsel and the Navy refrain from contacting and/or harassing plaintiff's wife.</u> Plaintiff was concerned as this gave the plaintiff the impression that Mr. Enos wanted the case heard before Judge Snyder and not before a Federal Judge. Therefore this was one of the reasons plaintiff declined to have the case heard before the Magistrate.
> 4. The sanctions that plaintiff sought are sanctions enough to deter defendant and opposing counsel from engaging in similar conduct in the future. When the plaintiff had filed the motion for sanctions the defendant and opposing counsel threatened plaintiff with filing future Rule 11 motions against the plaintiff.

Dos. 44, Reconsideration Brief, at 2:6-19, emphasis in original.

Plaintiff put particular stress on the request that all communication from Mr. Enos regarding the case be with him as opposed to Mrs. Gallagher. As Mrs. Gallagher has now decided to formally represent Plaintiff, such a request has been neatly rendered moot. Mrs. Gallagher's activities in investigating the legal case on behalf of Plaintiff (actions in line with being counsel in the case) and representation of Plaintiff in the EEOC proceeding rendered her status unclear for many months until she formally filed notice that she was representing Plaintiff.

Substantively, Plaintiff claims that Defendant has not been acting in good faith in

1 settlement discussions and that Mr. Enos has been taking advantage of his pro se status.  The
2 court has reviewed the transcript from the hearing of August 11, 2006. Doc. 44, Ex. B.  At the
3 hearing, Judge Snyder explained the process and timing of settlement negotiation.  Plaintiff
4 specifically complained that Defendant was unwilling to make concessions: "And when Mr.
5 Enos called on the phone, his statement was, well, the Navy is not going to budge. It wasn't,
6 well, you know, what about this? Or, you know, are you willing to change your stance at all? I
7 mean, that issue didn't even come up. There was no anything about the settlement conference."
8 Doc. 44, Ex. B, at 19.  Judge Snyder explained that Mr. Enos simply explained his client's
9 position and noted that Mr. Enos had the courtesy to call Plaintiff to inform him of Defendant's
10 position instead of demanding a face to face meeting.  Judge Snyder's explanation of legal
11 proceedings adequately addressed Plaintiff's motion.  The court can not force settlement; parties
12 have absolute choice over whether to settle.  "Section 1927 does not command settlement as a
13 requirement in the proper course of litigation, nor does any other statute or rule authorizing
14 sanctions. Sanctions imposed for failure to settle constitute a clear abuse of discretion." Insurance
15 Ben. Admrs. v. Martin, 871 F.2d 1354, 1361 (7th Cir. 1989).  The denial of Plaintiff's motion for
16 sanctions is not clearly erroneous.

**C. Motion for Sanctions Under 28 U.S.C. §1927**

Plaintiff makes a plethora of allegations regarding Defendant and Mr. Enos.  The court seeks to address the most relevant.  Plaintiff first points to an allegation contained in Defendant's answer which read "The United States objects to exhibit K since the statement was obtained without the knowledge or consent of Agency counsel. This action is also in violation of California Rules of Professional Conduct, Rule 2-100, Communication With a Represented Party." Doc. 56, Answer, at 8, 17-21.  As the parties have briefly discussed, whether any of Mrs. Gallagher's actions are in violation of the rules of professional conduct is a contested question; the court need not express a legal opinion on the issue.  Defendant withdrew the allegation in their amended answer, but Plaintiff asserts "The defendant specifically raised in a Court document that plaintiff's counsel committed an ethical violation. This is a continued harassment

6

by the defendant and defendant's counsel." Doc. 59, Second Sanctions Motion, at 4:6-8.  Had Defendant insisted on keeping the allegation in the answer, Plaintiff could have made a motion to strike the allegation.  But since it has been withdrawn, the court sees no reason to delve into the issue.

Plaintiff also objects to "the arbitrary untimely filing of the amended response to plaintiff's complaint." Doc. 59, Sanctions Brief, at 2:26-28.  Plaintiff filed his first amended complaint on March 4, 2007. Doc. 53.  Defendant filed its answer on March 15, 2007. Doc. 56.  Defendant then filed an amended answer on March 22, 2007. Doc. 57.  Plaintiff appears to object to the timing both of the answer and the amended answer.  Fed. R. Civ. Proc 15(a) states, "A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer."  The time for responding to the original complaint has long passed.  Fed. R. Civ. Proc. 6 states, "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Under this calculation, March 15 (Thursday) is the ninth day after March 4 (Sunday).  Fed. R. Civ. Proc 15(a) states, "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it an any time within 20 days after it is served."  An answer that contains no counterclaims is a pleading to which no responsive pleading is allowed.  Defendant's amended answer (March 22) was served well within 20 days of the answer (March 15).

Plaintiff has specifically objected to Mr. Enos's insistence upon communicating with Mrs. Gallagher by e-mail or another medium that leaves a written record. Doc. 59, Second Sanctions Brief, at 4:12-24 and 16:20-23.  However, Plaintiff's own exhibits shows that Mr. Enos wrote an e-mail to Mrs. Gallagher on April 23, 2007 stating, "If you feel it is necessary to talk about your present concerns on the phone, then fine. I am generally available this afternoon. Please tell me when you plan on calling and I'll make myself available." Doc. 59, Ex. L, at 4.  Mrs. Gallagher does not appear to have taken Mr. Enos up on his offer.  Plaintiff does reasonably

7

state that "the defendant may not have communications with him without the consent or presence of plaintiff's counsel that relate to the merits of the case." Doc. 59, Second Sanctions Brief, at 17:4-5. Conversely, as discussed above, Plaintiff previously demanded that all contact in the case be directly with him and not with Mrs. Gallagher. Given Mrs. Gallagher's past mixed and shifting roles in this case, Mr. Enos's caution in communicating with Plaintiff or Mrs. Gallagher is understandable.

In this motion under the rubric of Section 1927, Plaintiff seeks issuance of a judicial order enjoining Defendant and Mr. Enos from certain behavior Plaintiff finds objectionable. However, Section 1927 only provides monetary recompense for "excess costs, expenses, and attorney's fees reasonably incurred because of such [vexatious] conduct." 28 U.S.C. §1927. Even if the court were to find that Mr. Enos's behavior is sanctionable (which the court does not), Plaintiff has not requested recompense for any excess fees that were incurred. Instead, Plaintiff appears to seek purely injunctive relief, which is unavailable under the plain language of Section 1927.

The only reference in the motion the court can possibly construe as somewhat related to monetary compensation states, "Plaintiff requests that the Court impose further sanctions as appropriate to stop the defendant and defendant's counsel from engaging in this type of behavior and allow the plaintiff to litigate his complaint without fear or reprisal or further attacks." Doc. 59, Sanctions Brief, at 17:18-20. Sanctions under Section 1927 are punitive in nature. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 647 (6th Cir. 2006) (noting Section 1927's underlying logic is " deterrence and punishment rather than restitution"). Nevertheless, sanctions are strictly capped at actual excess costs and fees expended. See United States v. Blodgett, 709 F.2d 608, 610-1 (9th Cir. 1983) ("it does not authorize imposition of sanctions in excess of costs reasonably incurred because of such conduct"). Coercive sanctions beyond that amount are not allowed.

This case has involved much accusation and counter-accusation. Both parties need to focus on the merits of the litigation. Where both sides' actions serve to delay the litigation and waste time, even justifiable sanctions under Section 1927 may be denied. See Lewis v. Safeway Stores, Inc., 671 F. Supp. 361, 364 (D. Md. 1987) ("Although plaintiff's conduct during this

litigation may have served to lengthen the proceedings, defendant's overreactions hardly served to shorten this litigation"). Plaintiff's motion for sanctions under Section 1927 is denied.

### IV. Conclusion

Plaintiff's motion to withdraw the Title VII claims is GRANTED. Plaintiff's motion for reconsideration of magistrate judge's decision is DENIED. Plaintiff's motion for sanctions against Mr. Enos under Section 1927 is DENIED.

IT IS SO ORDERED.

**Dated:   June 19, 2007**              /s/ Anthony W. Ishii
                                        UNITED STATES DISTRICT JUDGE