McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant Gordon R. England
    Secretary Department of the Navy

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN T. GALLAGHER,<br><br>           Plaintiff,<br><br>      v.<br><br>GORDON R. ENGLAND SECRETARY DEPARTMENT OF THE NAVY,<br><br>           Defendant. | 1:05-CV-00750-AWI-SMS<br><br>**STIPULATION FOR DISMISSAL;**<br>**ORDER CLOSING CASE** |

Pursuant to this stipulation as well as the provisions of Fed. R. Civ. Proc. 41(a)(1), the parties to this action, by and through their respective counsel, hereby stipulate that this action be dismissed with prejudice.  The parties respectfully request that the Court endorse this stipulation by way of formal order.

///
///
///
///
///
///
///

**IT IS SO STIPULATED.**

Dated: December 30, 2007                    December 31, 2007

                      Respectfully submitted,

Tracey Beryl Gallagher, Esq.         McGREGOR W. SCOTT
                                     United States Attorney

(As auth. 12/30/07)
 __/s/ Tracey B. Gallagher          ____/s/ Brian W. Enos___
TRACEY B. GALLAGHER                  BRIAN W. ENOS
Attorneys for plaintiff              Attorneys for defendant
Alan Gallagher                       Gordon R. England, Secretary
                                     Department of the Navy

## ORDER OF DISMISSAL

The parties seek dismissal of this action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure. Rule 41(a)(1), in relevant part, reads:

> an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily, after service of an answer, by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4. Because Plaintiff has filed a stipulation for dismissal with prejudice as to all parties under Rule 41(a)(1)(ii) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

1  Therefore, IT IS HEREBY ORDERED that this action is DISMISSED and the Clerk of
2 the Court is DIRECTED to close this case in light of the parties' filed and signed Rule
3 41(a)(1)(ii) Stipulation For Dismissal With Prejudice.

5 IT IS SO ORDERED.

6 **Dated:    January 2, 2008**                    **/s/ Anthony W. Ishii**
                                                    UNITED STATES DISTRICT JUDGE